UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GEORGIA M. STANBACK,

                      Plaintiff,

                  - against -

JPMORGAN CHASE BANK, N.A.,

                      Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CV-04155 (RRM)(RLM)

**MAUSKOPF, United States District Judge.**

      Plaintiff Georgia Stanback ("plaintiff" or "Stanback") brings this action against defendant JPMorgan Chase Bank, N.A. ("defendant" or "CHASE"). She alleges common law claims of promissory estoppel, negligence, and quantum meruit. Currently before this Court is defendant's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is DENIED.

## **BACKGROUND**

      On a motion to dismiss, the Court must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). The following facts are either undisputed or described in the light most favorable to the plaintiff. *See Capobianco v. City of N.Y.*, 422 F.3d 47, 50 n.1 (2d Cir. 2001).

      Plaintiff was employed by defendant from 1981 until June 2009, her most recent position being Assistant Vice President of Operations in the Broker-Dealer Department. (Compl. (Doc. No. 1) ¶¶ 3-4.) Since defendant offered employees the option of obtaining group life insurance for themselves, their spouses, and other dependents, plaintiff obtained group life insurance covering herself and her husband, Gentry Stanback ("Gentry"), in the amount of $50,000 each.

(*Id.* ¶¶ 5-6.) Defendant deducted premiums for this insurance coverage from plaintiff's salary from 1981 through April 2009. (*Id.*)

In October 2006, plaintiff informed the CHASE Human Resources department that she and her husband had divorced. (*Id.* ¶ 7.) At that time, she asked that Gentry be removed as the beneficiary of her employee benefit plan, and defendant complied. (*Id.* ¶¶ 7-8.) The CHASE Human Resources representative advised plaintiff that she "was entitled to maintain the insurance coverage on Gentry, of which plaintiff was the beneficiary, by simply continuing to pay the premiums for it." (*Id.* ¶ 8.) Relying on this advice, plaintiff continued to pay the premiums for the group life insurance covering her ex-husband through April 2009. (*Id.* ¶ 9.)

Gentry passed away on March 18, 2009. (*Id.* ¶ 11.) Plaintiff submitted a claim to defendant and to Prudential Insurance Company of America ("Prudential"), the administrator of the insurance plan, in anticipation of collecting $50,000 from the life insurance she maintained. (*Id.*) In May 2009, defendant and Prudential denied the claim because, under the group life insurance plan, an ex-spouse is not eligible for coverage. (*Id.* ¶ 12.)

In June 2009, defendant terminated plaintiff's employment "because she made a claim for the death benefit from the group life insurance coverage on Gentry." (*Id.* ¶ 13.) In September 2009, plaintiff administratively appealed the claim denial. (*Id.* ¶ 14.) Prudential denied the appeal in December 2009. (*Id.* ¶ 15.)

Plaintiff commenced the instant action on August 11, 2010, in the Supreme Court of the State of New York, County of Queens. (Notice of Removal (Doc. No. 1) ¶ 1.) Defendant removed the action to this Court on September 13, 2010 pursuant to 28 U.S.C. § 1332(a)(1). (*Id.* ¶¶ 3-7.) On March 18, 2011, defendant filed this motion to dismiss for failure to state a claim

upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss (Doc. No. 10)).)

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a 12(b)(6) motion must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris*, 572 F.3d at 71 (citation omitted). A complaint need not contain "'detailed factual allegations,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to

draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007)).

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The Court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).

## DISCUSSION

### I. PLAINTIFF'S CLAIMS ARE NOT BARRED BY THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

Defendant asserts that plaintiff's promissory estoppel, negligence, and quantum meruit claims are preempted by ERISA. (Def.'s Mem. in Supp. of Mot. to Dismiss (Doc. No. 13) at 7.) However, ERISA merely allows for a participant in an employee benefit plan to sue "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," none of which plaintiff attempts here. 29 U.S.C. § 1132(a)(1)(B). Though ERISA "completely preempts any state cause of action seeking the same relief," it nonetheless allows for state-law claims that only incidentally relate to a benefits plan, but that do not seek to recover benefits. *Aetna U.S. Healthcare, Inc. v. Maltz*, No. 98 Civ. 8829 (WHP), 1999 WL 285545, at *3 (E.D.N.Y. May 4, 1999); *compare Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74, 81 (D. Conn. 1998) (holding that a negligence claim for medical malpractice that is not a claim "to recover benefits due under the terms of a plan" is not preempted by ERISA) *with Aetna Health, Inc. v. Davila*, 542 U.S.

4

200, 208-09 (2004) (holding that a claim under the Texas Health Care Liability Act alleging injuries suffered because plan administrator decided not to cover certain treatment is preempted by ERISA).

Plaintiff does not seek enforcement of the terms of the plan. She asserts a negligence claim based on incorrect information offered by defendant's Human Resources representative, a promissory estoppel claim because her justifiable reliance on the information given to her resulted in financial harm, and a quantum meruit claim because defendant was allegedly unjustly enriched by the premiums that she paid. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss (Doc. No. 14) at 2.) Thus, the preemption provision does not apply to the present claims, and her claims are not preempted by ERISA. *Cicio v. Vytra Healthcare*, 208 F. Supp. 2d 288, 296 (E.D.N.Y. 2001).

Defendant also claims that the "[c]omplaint . . . should be dismissed because ERISA only authorizes suits for benefits against a benefits plan itself or the plan administrator, but not against Plaintiff's employer or former employer." (Def.'s Mem. in Supp. of Mot. to Dismiss at 10.) Again, plaintiff's suit is only tangentially related to the benefits plan and does not fall under ERISA – thus, Prudential, the plan administrator, is not a named party to the action. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 1.) Her suit is against CHASE because it was her reliance on the misinformation supplied CHASE that form the basis of her claims. As such, the Court DENIES defendant's motion to dismiss plaintiff's claims as preempted by ERISA. (*Id.* at 2.)

II.     **WRONGFUL TERMINATION CLAIM**

Defendant contends that plaintiff's wrongful termination claim should be dismissed because "employment for an indefinite or unspecified term is at will and may be freely terminated by either party at any time without cause or notice" (Def.'s Mem. in Supp. of Mot. to

Dismiss at 13-14) (quoting *Horn v. New York Times*, 100 N.Y.2d 85, 90-91 (2003)). If plaintiff had pursued a wrongful termination claim, defendant would likely be correct. *See Smalls v. PetSmart, Inc.*, No. 09 Civ. 5347 (SJF), 2010 WL 5572073, at *4 (E.D.N.Y. Nov. 1, 2010) (noting that "[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party") (quoting *DePetris v. Union Settlement Ass'n, Inc.*, 86 N.Y.2d 406, 410 (1995)). However, though plaintiff's complaint does mention that "CHASE terminated Plaintiff's employment after 28 years of service, because she made a claim for the death benefit from the group life insurance coverage on Gentry," she does not appear to pursue a wrongful termination claim based on that fact. (Compl. ¶ 13.)

While plaintiff does not allege facts to support a wrongful termination claim, she requests punitive damages based on wrongful termination. Plaintiff requests that no less than $250,000 be appended to her negligence claim for being terminated "because she made a claim for the death benefit from the group life insurance coverage on Gentry," "an egregious retaliatory action." (*Id*. ¶ 22.) To the extent that plaintiff, by way of this peremptory statement, did intend to assert a wrongful termination claim, this claim is not pleaded with particularity. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, insofar as plaintiff meant to assert a claim based on wrongful termination, defendant's motion to dismiss such claim is GRANTED.

## III. NEGLIGENCE CLAIM

### A. Preemption

The threshold issue to plaintiff's negligence claim is whether the claim is barred by the New York Workers' Compensation Law ("NYWCL"), as defendant argues. (Def.'s Mem. in Supp. of Mot. to Dismiss at 11.) A negligence claim against a plaintiff's employer alleging that a mistake caused the plaintiff pure economic harm is not barred by the NYWCL. The NYWCL provides "compensation for . . . disability or death from injury arising out of and in the course of employment." N.Y. Workers' Comp. Law § 10 (McKinney 2009). To suffer a "disability" means to be "disabled from earning full wages at the work at which the employee was last employed;" pure economic loss does not impact a worker's ability to earn full wages, so it is not compensated by the NYWCL. *Id.* § 37. The NYWCL only preempts those actions described in § 10 of the statute, which does not include accidents that result in pure economic loss. *Id.* § 11.

The history and purpose of the NYWCL also favors excluding claims based on pure economic harm from its auspices. The "intent of the law was to provide payments to injured employees during periods of disability, causally connected with an industrial accident." *Roberts v. Gen. Elec. Co.*, 174 N.Y.S.2d 533, 535 (App. Div. 1958). This intent is further manifested in the way that compensation is calculated: "the average weekly wages of the injured employee at the time of the injury shall be taken as the basis upon which to compute compensation or death benefits." N.Y. Workers' Comp. Law § 14. For example, the loss of an arm entitles a worker to 312 weeks of his salary. *Id.* § 15. The entire compensation system is premised on a diminished capacity to work subsequent to an accident, indicating that the drafters never anticipated that the NYWCL would address claims for pure economic loss, whose capacity to labor is unaltered.

7

Originally, the NYWCL required a physical injury for activation. *Chernin v. Progress Serv. Co.*, 192 N.Y.S.2d 758, 760 (App. Div. 1959). Courts later expanded the concept of "injury" to encompass emotional harms as well as physical harms. *Wolfe v. Sibley, Lindsay & Curr Co.*, 330 N.E.2d 603, 606 (N.Y. 1975) ("[P]sychological or nervous injury precipitated by psychic trauma is compensable to the same extent as physical injury."); *Gerson v. Giorgio Sant'Angelo Collectibles, Inc.*, 671 N.Y.S.2d 958, 961 (Sup. Ct. 1998) (holding that actions against employers for negligent infliction of emotional distress must be brought under the NYWCL). Current courts consistently hold that the NYWCL preempts negligence actions against employers for physical injury or emotional distress, but it appears that no court has extended that preemption to negligence actions for pure economic loss. *See Duran v. Jamaica Hosp.*, 216 F. Supp. 2d 63, 66 (E.D.N.Y. 2002) (holding a negligent hiring claim barred by the NYWCL, where the negligently hired co-worker harassed plaintiff); *Rivera v. Baccarat, Inc.*, 95 Civ. 9478 (MBM), 1996 WL 251850, at *2 (S.D.N.Y. May 10, 1996) (The NYWCL's preemption "applies to negligent infliction of emotional distress as well as to torts causing physical injury."); *Lawson v. Elec. Data Sys., Inc.*, 584 N.Y.S.2d 359, 359 (App. Div. 1992). This lack of precedent for barring pure economic loss claims, combined with the wording and purpose of the statute, leads this Court to hold that plaintiff's negligence action is not barred by the NYWCL.

**B. Negligence Claim**

The elements of a negligence claim are "(1) that the defendant owed [plaintiff] a duty of care; (2) that the defendant breached that duty; and (3) that the defendant's breach was the proximate cause of the plaintiff's injuries." *Fagan v. AmerisourceBergen Corp.*, 356 F. Supp. 2d 198, 205 (E.D.N.Y. 2004).

It is well established that an employer owes a duty of care to his employees. *Georgas v. Kreindler & Kreindler*, 41 F. Supp. 2d 470, 474 (S.D.N.Y. 1999). Courts have additionally found that "there is a duty, in view of the bank's relations to the public, to speak carefully when [the bank's] employee undertook to speak at all." *Anchor Lumber Corp. v. Mfrs. Trust Co.*, 272 N.Y.S. 610, 610 (App. Div. 1934); *see ADL, LLC v. Tirakian*, No. CV 2006-5076 (SJF) (MDG), 2010 WL 3925131, at *10 (E.D.N.Y. Aug. 26, 2010). Indeed, one court has noted that liability may attach

> for negligent misrepresentation where there is a relationship between the parties such that there is an awareness that the information provided is to be relied upon for a particular purpose by a known party in furtherance of that purpose, and some conduct by the declarant linking it to the relying party and evincing the defendant's understanding of [the] reliance.

*Osuchowski v. Gallinger Real Estate*, 711 N.Y.S.2d 369, 369 (App. Div. 2000) (quoting *Houlihan/Lawrence, Inc. v. Duval*, 644 N.Y.S.2d 553, 553 (App. Div. 1996)).

The defendant's duty to plaintiff thus may have been breached when "[t]he representative in defendant's employee benefits section negligently informed plaintiff that she could maintain the group life insurance coverage on Gentry by simply continuing to pay the premiums for it, even though under the terms of the plan, after plaintiff and Gentry were divorced, Gentry was no longer eligible for such coverage." (Compl. ¶ 19); *see Osuchowski*, 711 N.Y.S.2d at 369. That breach caused plaintiff's injury; "[b]ecause the employee benefits section at CHASE was responsible for administering its employee benefit plans, plaintiff justifiably relied on the information and advice that was given to her by its representative, and did not obtain life insurance coverage on Gentry elsewhere." (Compl. ¶ 20.) Plaintiff claims that she sustained financial damage due to this alleged negligence. (*Id*. ¶ 21.) She has thus plausibly alleged all of

9

the elements of a negligence action; accordingly, defendant's motion to dismiss the negligence claim is DENIED.

IV. **PROMISSORY ESTOPPEL**

Plaintiff asserts that "she is entitled to recover from CHASE under the doctrine of promissory estoppel." (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 7.) To recover for promissory estoppel in New York, a plaintiff "must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise is made, and (3) an injury sustained in reliance on that promise." *Fleet Bank v. Pine Knoll Corp.*, 736 N.Y.S.2d , 742 (App. Div. 2002) (quoting *Rogers v. Town of Islip*, 646 N.Y.S.2d 158, 158 (App. Div. 1996)).

Plaintiff alleges that the CHASE Human Resources representative "promised Plaintiff that if she continued to pay the premiums for Gentry's life insurance coverage by having them deducted from her salary, Plaintiff would be entitled to the $50,000 death benefit in the event of Gentry's death." (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss at 7.) She also asserts that she "justifiably relied on that promise, because the employee benefits section where the individual was employed was the source of information concerning the plan, and she had never been provided with a Summary Plan Description of CHASE's insurance plan that contradicted the advice given by CHASE's employee." (*Id.*) Plaintiff sustained an economic injury by paying the premiums for years without receiving the expected $50,000 benefit. (*Id.* at 8.) Plaintiff has alleged all of the essential elements of a successful promissory estoppel claim, and, on a motion to dismiss, those allegations are assumed to be true. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Accordingly, defendant's motion to dismiss the promissory estoppel claim is DENIED.

## V. QUANTUM MERUIT

For a plaintiff to state a successful quantum meruit claim "under New York law, a claimant must establish that "(1) plaintiff conferred a benefit upon defendant; (2) defendant accepted that benefit; and (3) plaintiff expected compensation for the reasonable value of that benefit." *Allstate Ins. Co. v. Administratia Asigurarilor De Stat*, 948 F. Supp. 285, 312 (S.D.N.Y. 1996). Quantum meruit is an equitable doctrine, allowing recovery "when one should be compensated . . . in order to prevent the unjust enrichment of another." *Newman & Schwartz v. Asplundh Tree Expert Co.*, 917 F. Supp. 265, 270 (S.D.N.Y. 1996). If plaintiff is unable to recover under her promissory estoppel claim, the Court may allow a quantum meruit claim if justice so requires. *See Milton Abeles, Inc. v. Farmers Pride, Inc.*, 603 F. Supp. 2d 500, 505 (E.D.N.Y. 2009) ("[I]f a plaintiff fails to establish an enforceable contract, the court may nonetheless allow recovery in quantum meruit where the defendant 'received a benefit from the plaintiff's circumstances which, in justice, preclude him from denying an obligation to pay for them.'") (quoting *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996)).

Plaintiff alleges that she conferred a benefit on defendant, and defendant accepted that benefit, because "CHASE continued to deduct the premiums for Gentry's life insurance coverage from Plaintiff's salary, even after it was advised by Plaintiff that she and Gentry were divorced, from November 2006 through at least April 2009." (Compl. ¶ 26.) Plaintiff alleges that she relied on the CHASE representative's information and advice that she could receive $50,000 upon the death of her ex-husband, "and continued to pay the premiums for the group life insurance covering Gentry." (*Id*. ¶ 9.) She contends that she has suffered financial harm as a result of this reliance. (*Id*. ¶ 29.)

Plaintiff has pleaded all of the elements of a successful quantum meruit claim. If it is the case that defendant did not receive a benefit, then plaintiff's quantum meruit case may fail on the merits at a later stage. *See Stephen Pevner, Inc. v. Ensler*, 766 N.Y.S.2d 183, 184-85 (App. Div. 2003) (dismissing a quantum meruit action because defendant did not receive a benefit); *Martin H. Bauman Assocs., Inc. v. H & M Int. Trans., Inc.*, 567 N.Y.S.2d 404, 408 (App. Div. 1991) (upholding motion for summary judgment on a quantum meruit claim because defendant did not receive a benefit). However, taking all factual allegations in the complaint to be true and drawing all reasonable inferences in the plaintiff's favor, as the Court must on a motion to dismiss, defendant's motion to dismiss the claim is denied. *Harris*, 573 F.3d at 71.

## CONCLUSION

Defendant's motion to dismiss [Doc. No 13] is DENIED as to plaintiff's claims of negligence, promissory estoppel, and quantum meruit. It is GRANTED as to any intended wrongful termination claim.

SO ORDERED.

Dated: Brooklyn, New York
  March 13, 2012

*Roslynn R. Mauskopf*
———————————————
ROSLYNN R. MAUSKOPF
United States District Judge